UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Russell Judd, for the President of USA, # 11593-051, | ) C/A No. 3:06-243-MBS-JRM )   ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| United States of America, | ) ) ) |
| Defendant. | |

## **BACKGROUND OF THIS CASE**

The plaintiff is a federal prisoner at the Low Security Federal Correctional Institution in White Deer, Pennsylvania. He has styled this action as one arising under the Federal Tort Claims Act (FTCA). The plaintiff alleges that he has been "unjustly" imprisoned for eight years. He maintains he did not commit any of the acts for which he was sentenced in the United States District Court for the Western District of Texas. He seeks $5,000.00 in damages. He also claims that his conviction has been set aside, but he has not submitted any affidavits or evidence to support this allegation.

In order to pursue a claim under the FTCA, the plaintiff must exhaust his administrative remedies. In a letter dated December 30, 2006, the plaintiff was notified by the Administrative Office of the United States Courts (AO) that his

administrative claim was denied because it ... "arises entirely from the performance of official duties integral to the judicial process...". As such, it was the determination of the AO that plaintiff's claim was not one that could be settled under the FTCA.

There is no indication that the plaintiff has ever been confined in the District of South Carolina. Indeed, it appears that the plaintiff either chose the District of South Carolina at random or chose the District of South Carolina because he is not under a pre-filing injunction here.

Even so, plaintiff has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina. *See* <u>Judd v. USA</u>, C/A No. 3:05-1381-MBS-JRM (D.S.C. 2005). In that case the plaintiff contended that the United States District Court for the Western District of Texas lacked subject-matter jurisdiction over his criminal case. This Court dismissed the Section 2241 petition because the District Court in South Carolina could not exercise *in personam* jurisdiction over plaintiff's warden or other custodian, who resides in White Deer, Pennsylvania. *See* <u>Rumsfeld v. Padilla</u>, 72 U.S.L.W. 4584, 159 L.Ed.2d 513, 124 S.Ct. 2711 (2004).

A search on the LEXIS® and WESTLAW® services reveals that the plaintiff is a prolific litigator, but has had restrictions placed on his filings by at least four (4) federal courts. *See, e.g.,* <u>Judd v. United States District Court for Western District of Texas</u>, 528 U.S. 5, 145 L.Ed.2d 7, 120 S.Ct. 1 (1999) (Supreme Court Order barring

prospective filings in noncriminal cases); Keith Judd v. University of New Mexico, 204 F.3d 1041 (10th Cir. 2000), where the United States Court of Appeals for the Tenth Circuit affirmed the imposition of filing restrictions on the plaintiff by the United States District Court for the District of New Mexico, and imposed its own filing restrictions upon the plaintiff; and Judd v. United States District Court, Nos. 98-51118, 98-51195, 99-50023 (5th Cir., April 26, 1999), which is cited in the opinion of the United States Court of Appeals for the Tenth Circuit in Judd v. University of New Mexico, supra.

The Order of the Supreme Court of the United States in Judd v. United States District Court for Western District of Texas outlined the plaintiff's penchant for frivolous litigation:

> *PER CURIAM.*
>
> *Pro se* petitioner Judd seeks leave to proceed *in forma pauperis* under Rule 39 of this Court. We deny this request as frivolous pursuant to Rule 39.8. Judd is allowed until November 2, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1. We also direct the Clerk not to accept any further petitions for certiorari or petitions for extraordinary writs from Judd in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.
>
> Judd has abused this Court's certiorari and extraordinary writ processes. On May 30, 1995, we invoked Rule 39.8 to deny Judd in forma pauperis status with respect to a petition for an extraordinary writ. *See In re Judd*, 515 U.S. 1101, 115 S.Ct. 2244, 132 L.Ed.2d 253. Prior to this Rule 39.8 denial, Judd had filed six petitions for certiorari, all of

which were both frivolous and had been denied without recorded dissent. Since the Rule 39.8 denial, Judd has filed four petitions for certiorari, all of which were also frivolous and denied without recorded dissent. The instant petition for certiorari thus brings Judd's total number of frivolous filings to 12.

We enter the order barring prospective filings for the reasons discussed in *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) *(per curiam)*. Judd's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Judd from petitioning to challenge criminal sanctions which might be imposed on him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our processes.

*It is so ordered.*

Judd v. United States District Court for Western District of Texas, supra, 528 U.S. at

5-6.

In 2003, the United States Court of Appeals for the Fifth Circuit reiterated its earlier pre-filing injunction affecting the plaintiff:

Keith Russell Judd, a federal prisoner (# 11593-051), filed this action in the guise of a 28 U.S.C. § 2241 habeas petition, in a thinly-veiled attempt to avert several sanction orders that this court has entered against him previously. On April 30, 2003, this court directed the clerk of this court to refuse to file any *pro se* appeal concerning "any order or judgment entered in Judd's criminal proceeding, United States District Court Cause Nos. MO-98-CR-93 or MO-98-059M," unless he submitted proof of the satisfaction of prior sanctions. *United States v. Judd*, 67 Fed.Appx. 248 (5th Cir.2003). Judd's current action is just the latest of scores of frivolous attempts to challenge rulings in that same criminal proceeding. This frivolous appeal is in violation of the April 30, 2003, sanction order, and it is DISMISSED accordingly. Judd is ORDERED to pay another sanction in the amount of $105, payable to

>the clerk of this court.
>
>The court hereby updates and consolidates its previous sanction orders. The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions. Only one exception applies to this general sanction: In accordance with this court's order in *In re Judd*, No. 03-50562 (5th Cir. June 30, 2003), Judd is authorized to submit in this court a nonfrivolous application for authorization to file a successive 28 U.S.C. § 2255 motion to vacate. As this court has warned Judd before, attempts to file frivolous pleadings including a frivolous motion for authorization — will invite the imposition of further sanctions.

Judd v. Winn, 81 Fed.Appx. 479 (5th Cir., November 20, 2003).[1] Moreover, the United States Court of Appeals for the District of Columbia Circuit has dismissed two of the plaintiff's recent appeals because he is "struck out" under the Prison Litigation Reform Act (PLRA). *See, e.g.,* Judd v. Lappin, 2005 U.S. App. LEXIS® 6543 [no WESTLAW® citation available] (D.C. Cir., April 14, 2005); and Judd v. Lappin, 2004 U.S. App. LEXIS® 27431, 2004 WESTLAW® 3019537 (D.C. Cir., December 30, 2004).

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has

---

[1] The Order of the United States Court of Appeals for the Fifth Circuit affects all nine (9) federal judicial districts in the Fifth Circuit.

been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).² *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal

---

²Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Plaintiff's challenge is directed at the legality of his conviction and sentence. Such a challenge by a federal prisoner is properly brought pursuant to 28 U.S.C. § 2255, not under the FTCA. *See* Davis v. Crabtree, 10 F. Supp.2d 1136 (D.C. Oregon 1998) *citing* Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241). Congress enacted §

2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". Dumornay v. United States, 25 F.3d 1056, 1994 WL 170752 (10th Cir. (Colo.)). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". Dumornay, *supra, citing* United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". Dumornay, *supra, citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964).

If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, *supra*. *See also* In re Avery W. Vial 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

Based on plaintiff's previous attempt to file a petition for writ of habeas corpus

in this District pursuant to 28 U.S.C. § 2241, and his history of frivolous filings in other jurisdictions and courts as noted above, it is clear that the above-captioned matter, styled as a claim arising under the FTCA, is another attempt to attack his conviction and sentence entered in the Western District of Texas.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. §

1915(e)(2) and (g) and should be deemed a strike under this statute.

            Respectfully submitted,

            s/Joseph R. McCrorey
            United States Magistrate Judge

Columbia, South Carolina
March 13, 2006

*<u>**The plaintiff's attention is directed to the important notice on the next page.**</u>*

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.  *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina  29201**
